PHENIX INS. CO. v. KONRAD GEBHART.

[FILED JUNE 29, 1891.]

Insurance: MISDESCRIPTION OF PREMISES NOT FATAL. A misdescription of the land on which property insured is situated, will not of itself prevent a recovery in case of loss of the property by fire, nor is it necessary to reform the policy to entitle the assured to recover.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

Calkins & Pratt, for plaintiff in error, cited: State Ins. Co. v. Schreck, 27 Neb., 527; Am. Cent. Ins. Co. v. Mc-

*Lanathan*, 11 Kan., 533; *Phœni.* *Ins. Co. v. Allen*, 109 Ind., 273; *Kausal v. Ins. Co.*, 31 Minn., 17.

*Green & Hostettler, contra.*

Maxwell, J.

This action was brought on two premium notes given for a policy of insurance. One of said notes was due October 1, 1884, and the other April 1, 1885. The defendant in his answer to an action on the notes states, "that he admits the execution of the notes sued on in said action, but avers the truth to be that said notes were executed for and in consideration of a policy of insurance issued by said plaintiff to this defendant; that said policy of insurance covered certain grain, hay, and stock; that said policy described said property as being situated on the following described premises, to-wit: Section 5, town 15, range 19, in Custer county, Nebraska. Defendant says that said description was erroneous and that said property was not situated on said above land, but was situated on section 5, town 15, range 18, in Custer county; that so far as he knows and has information, the application for said policy of insurance contained said first description given herein, but that said description was erroneously so written by the plaintiff's agent who took said application, and so the defendant alleges the truth to be that said application was so erroneously written and contained said erroneous description aforesaid; that said policy aforesaid contained the following condition: "This insurance is based upon the representation contained in assured's application of even number herewith, on file in the company's office in Chicago, Ill., each and every statement of which is hereby specifically made a warranty and a part hereof; and it is agreed that if any false statements are made in said application, this policy shall be void;" that upon receipt of said policy, and as soon as he discovered said mistake therein, he went to the

agent of said plaintiff and informed said agent of said mistake and asked that the same be corrected; that thereupon said agent agreed to correct said mistake, but neglected so to do; that this defendant made frequent appeals to said plaintiff to have said policy so corrected, but he avers that said plaintiff continually refused and neglected to so amend said policy of insurance; that then the defendant went to said plaintiff and offered to surrender said policy and demand his said notes, but he says that said plaintiff refused his demands; that by reason of said mistake in said application and policy, said policy of insurance was void, and so he says that the consideration in said notes has wholly failed.

To this answer a demurrer was filed by the plaintiff, which was overruled by the court, and judgment rendered in favor of the defendant.

It is evident that the answer fails to state a defense.

The precise question here involved was before this court in *State Ins. Co. v. Schreck*, 27 Neb., 527, and it was held that the variance was not material. The agreement in a policy is to insure certain property of a party—such as the house in which he and his family reside, a barn on his farm, or a warehouse for the storage of produce, or, as in this case, certain personal property. A misdescription of the land on which any of these are situated will not defeat a recovery in case of loss by fire, because the court looks at the real contract of the parties, which was to insure certain property of the policy holder. The fact that such property was on a particular section, as section 16 instead of 17, cannot, of itself, affect the risk, and would not render the policy void. The defense, therefore, wholly fails. The judgment of the district court is reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

THE other judges concur.