OMAHA FIRE INSURANCE COMPANY V. JOSEPH DUFEK.

FILED MARCH 5, 1895.   No. 5913.

Insurance: MISDESCRIPTION OF PROPERTY: REFORMATION OF POLICY. In a policy of insurance, a misdescription of the land whereon was situate certain personal property insured did not release the insurer from liability from loss ; and, as a condition precedent to an action on the policy, no reformation thereof was necessary. Following *Phenix Ins. Co. v. Gebhart*, 32 Neb., 144.

ERROR from the district court of Saunders county. Tried below before BATES, J.

20

*Hewitt & Olmstead,* for plaintiff in error.

*Frick & Dolezal, contra.*

RYAN, C.

This action was brought in the district court of Saunders county to recover the value of twenty-two tons of broom corn destroyed by fire. There was a verdict and judgment against the defendant in said district court for the sum of $900.

The petition in error in effect presents but two questions: one is the sufficiency of the evidence to support the verdict; the other the admission of evidence to show that when the broom corn was insured and destroyed it was in a building situate on section 30, township 17 north, range 5 east, 6th P. M., instead of section 30, township 14, range aforesaid. There was no such an absence of evidence as would justify interference with the verdict, and no useful purpose could be subserved by reviewing it at length merely to demonstrate the correctness of this conclusion reached upon full consideration of the evidence. In relation to the mistaken description of the township above indicated, the testimony of Mr. Folda, the insurance company's agent who wrote the policy sued on, was as follows: "Some few days previous to the issuing of the insurance policy Mr. Dufek came in and made an application for insurance on his buildings, the house and other buildings situated on the premises. He gave me the application, the description being, I think, section 30, township 17, range 5, in Saunders county. He also stated to me that he was wishing to place some insurance on broom corn. I stated to him that I could not insure his broom corn that same day as it was a prohibited risk by the company, but I would write to the company and find out if they wished to place the risk. They did, and I placed the insurance on it. I wrote to the company stating the facts,

and when it came back I went ahead and issued the policy, and that error being as township 14 is an error on my part for the reason I issued this policy without the presence of Mr. Dufek himself." There was proof unquestioned that: Mr. Dufek had no other broom corn than that which was destroyed by fire.

The contentions of plaintiff in error with reference to the necessity of a reformation of the policy precedent to bringing suit and the alleged fatal effect of the misdescription noted are fully met by the following language quoted from *Phenix Ins. Co. v. Gebhart,* 32 Neb., 144: "The precise question here involved was before this court in *State Ins. Co. v. Schreck,* 27 Neb., 527, and it was held that the variance [misdescription as to the *locus* of the insured property] was not material. The agreement in a policy is to insure certain property of a party—such as the house in which he and his family reside, a barn on his farm, or a warehouse for the storage of produce, or, as in this case, certain personal property. A misdescription of the land on which any of these are situated will not defeat a recovery in case of loss by fire, because the court looks at the real contract of the parties, which was to insure certain property of the policy holder. The fact that such property was on a particular section, as section 16 instead of 17, cannot of itself affect the risk and would not render the policy void." The judgment of the district court is

AFFIRMED.