Joseph E. Dougherty, Respondent, v. German-American Insurance Company of Freeport, Illinois, Appellant.

Kansas City Court of Appeals, November 23, 1896.

1. **Insurance:** WARRANTIES AND APPLICATIONS: DESCRIPTION. The plaintiff had a tract of land, and the property insured was located on a portion thereof in section 8, but a part of the land was in section 7, and two and one half acres of the tract were excepted for church purposes. His application for insurance placed the tract in section 8 and said nothing of the church exception. *Held*, such defects are insubstantial and can not defeat a recovery.

2. ———: ———: MORTGAGE. An application for insurance stated that the property was mortgaged for $850, when, in fact, the original mortgage was for $1,350, but had been paid down to $850. *Held*, no breach of warranty.

3. ———: ———: ———: RENEWAL. An application for insurance showed the property mortgaged for $850. Assured paid his debt down to $800 and made a loan for that amount of a third person to pay the debt. *Held*, no breach of a stipulation not to mortgage without the consent of the insurer, as this was a simple renewal of an existing mortgage.

4. ————: EXAMINATION UNDER OATH: DEMAND. A letter to the assured's attorney requesting him to have assured swear to a statement to be made out by the attorney, is not the demand mentioned in the policy for the examination of the assured under oath.

*Appeal from the Howard Circuit Court.*—HON. J. A. HOCKADAY, Judge.

AFFIRMED.

*Harrison & Harrison* for appellant.

(1) Plaintiff, in his application, warranted that he had one hundred and fifty-six and one half acres of land in southwest quarter, section 8, township 51, range 14, Howard county. That he owned it by fee simple title. The policy provides if the assured shall not be the sole and unconditional owner in fee simple of said property the policy shall become null and void. The deed offered in evidence by plaintiff shows no fee simple title to any land in section 8, aforesaid, and shows that thirty-seven and fifty hundredths acres are in section 7, township and range aforesaid. So there is a breach of warranty to the title and the location of the land which avoids the policy whether said misrepresentation was material or not, and the court should have so declared the law as to the amount of insurance on the building. *Hubbard v. Ins. Co.*, 57 Mo. App. 1; *Harness v. Ins. Co.*, 62 Mo. App. 245; *Halloway v. Ins. Co.*, 48 Mo. App. 1; *Maddox v. Ins. Co.*, 56 Mo. App. 343; *Brooks v. Ins. Co.*, 11 Mo. App. 349; *Lochner v. Ins. Co.*, 17 Mo. 255; *Bernard v. Ins. Co.*, 27 Mo. App. 26. The quality of title is made express warranty. 1 Beach on Law of Insurance, p. 381, sec. 403, and authorities cited. (2) The plaintiff could not recover because the policy provides that because the assured shall, if required, submit to an examination on oath by the company's adjusting agent, and subscribe to such

examination when reduced to writing, and until such examination is had the claim shall not be due and payable. Ostrander on Fire Insurance, p. 341, sec. 149, and authorities cited; *Mueller v. Ins. Co.*, 45 Mo. 84; *Grigsby v. Ins. Co.*, 40 Mo. App. 276 at 283¼, and authorities cited; *Fleisch v. Ins. Co.*, 58 Mo. App. 596 at 604, and authorities cited. (3) The plaintiff was not entitled to recover as to the insurance on the building, as he had violated the condition of the policy as to the mortgaging and incumbering the property without the consent of the president or secretary indorsed on the policy in writing. Plaintiff stated that deed of trust which was on record for $1,375 was all paid but about $850, as stated in the application. The mortgage was finally released January 19, 1895. On the twelfth of same month he gave an $800 deed of trust to another party and recorded it on the nineteenth day of January, so that at one time the two mortgages existed, and it had become mortgaged and incumbered without consent of company, to another party and against the express stipulation in the policy. *Hankins v. Ins. Co.*, 70 Wis. 1; s. c., 35 N. W. Rep. 34; *Smith v. Ins. Co.*, 43 N. W. Rep. (Dakota) 810; *Wilcox v. Ins. Co.*, 55 N. W. Rep. (Wis.) 188; *Hutchinson v. Ins. Co.*, 21 Mo. 97; *Healy v. Ins. Co.*, 5 Nev. 268; *Barnes v. Ins. Co.*, 30 Mo. App. 539 at 549¾, and authorities cited; *Sprague v. Ins. Co.*, 49 Mo. App. 423, and authorities cited.

*R. C. Clark* and *M. M. Willliams* for respondent.

(1) The application does not state that plaintiff was the owner of one hundred and fifty-six and one half acres of land in the southwest quarter of section 8, township 51, range 14. The proper construction of the language used, is that the property insured was located

upon that particular part of plaintiff's land, and that. his entire tract consisted of one hundred and fifty-six and one half acres, and the proof shows that both of these statements were true. The land belonged to plaintiff, and the representation as to his ownership was true. *Hubbard v. Ins. Co.*, 57 Mo. App. 1–5; *Gaylard v. Ins. Co.*, 40 Mo. 13; *Nelson v. Brodhack*, 44 Mo. 596. (2) The letter to R. C. Clark can not be considered a demand for the examination of the plaintiff under oath under the policy. If defendant desired an examination under the policy, and intended to insist upon a forfeiture for failure to submit thereto, it should have preferred its request to plaintiff, and in language that could not have been misunderstood. *Lockridge v. Upton*, 24 Mo. 184. (3) The statement in the application, that the incumbrance, at the time the insurance was procured, amounted to $850, is supported by the testimony. It is true that the debt was originally $1,375, and the record showed a mortgage for that amount. The testimony is, that the indebtedness had been reduced by payments to about $850. The fact that the record showed the deed of trust to be for a greater amount than was actually due, is wholly immaterial. *Merrill v. Ins. Co.*, 73 N. Y. 452. (4) The substitution of the mortgage for $800 to J. L. Dougherty, in lieu of the one held by T. H. Dinwiddie for $850 when the policy was issued, did not constitute a forfeiture of the policy under the clause declaring that the policy should become void if the property should be thereafter mortgaged or incumbered. The two mortgages never constituted a lien upon the property at the same time. The money upon the second was procured to satisfy the first, and was so used. The renewal or change of the incumbrance was not necessarily a breach of the condition of the policy. *Russell v. Ins. Co.*, 71 Iowa, 69;

s. c., 32 N. W. Rep. 95; *Bowlus v. Ins. Co.*, 32 N. E. Rep. 319–322; s. c., 133 Ind. 106. The case of *Hawkins v. Ins. Co.*, 70 Wis., cited by appellant, does not necessarily conflict with the authorities mentioned above.

ELLISON, J.—This is a suit on a policy of fire insurance. The judgment below was for plaintiff and defendant has appealed. The defenses principally relied upon are, misrepresentation of plaintiff's title in his application for the insurance, and also of the amount of incumbrance upon the property; mortgaging the property after procuring the insurance, without the consent of the company; and refusal upon plaintiff's part to submit to an examination under oath as required by the policy.

An application was signed by the plaintiff and the statements therein are, by the terms of the policy, declared to be warranties. The application states that the property insured is "located on the southwest quarter, section 8, township 51, range 14, county of Howard, Missouri." The following questions are asked in the application and the answers set out below given:

"*Q.* State the number of acres of land you own on which the property is situated, and its value? *A.* One hundred and fifty-six and one half acres, worth $15 per acre, of which one hundred and ten acres are in cultivation, twenty-six in pasture, twenty in timber and unproductive.

"*Q.* Is the title of the land on which the property is situated in your own name? What kind of a title have you? Explain fully. *A.* Yes; fee simple."

Plaintiff introduced proof showing that he purchased the land from T. H. Dinwiddie; that Dinwiddie had owned it for several years and had purchased same from Enyard Moberly, who had lived on the land for many years, and that these three parties were the only

ones who had ever owned it. The description in the deed from Dinwiddie to the plaintiff is as follows: "One hundred and nineteen acres, the northwest part of the southwest quarter of section 8, and thirty-seven and fifty hundredths acres, the east half of the southeast quarter of the southeast quarter of section 7, all in township 51, of range 14, containing in the aggregate one hundred and fifty-six and fifty hundredths acres more or less, *being the farm and tract of land owned by Enyard Moberly and on which he resided at the time of his death.*"

The plaintiff proved that the buildings were situated on the southwest quarter of section 8. The application also stated that the land was incumbered for $850. The proof showed that at the time the policy was issued there was a mortgage upon the place originally for $1,375, but which had been reduced by payments to $850. This mortgage was held by T. H. Dinwiddie. The policy provided that it should become void, if the property should be mortgaged after the insurance was obtained. The plaintiff continued making payments upon the debt and reduced it to $800, and then executed a mortgage to his brother, J. L. Dougherty, for $800, and with the sum so obtained, paid off the Dinwiddie mortgage, which was released of record. The money realized on the second mortgage was used to pay the first. The two mortgages were never in force against the land at the same time. The first was taken up with the sum procured by the latter.

It will be noticed that a part of the one hundred and fifty-six acres was, according to the deeds, in section 7. It is contended that the application stated that it was situated in section 8. A part of the one hundred and fifty-six acres was in section 8 and a part in section 7. The property insured was situated on that

portion of the land in section 8. We think it clear enough that the entire paper shows that plaintiff warranted it to be a fact that he had a fee simple title to the whole one hundred and fifty-six acres, but that the property insured was located on that portion lying in section 8. Besides, it is made clear from the deed what the tract of land consisted of, and what tract it was.

Again it is contended that the description in the deed does not cover the full number of acres. It does do so, substantially. There is an exception of about two and one half acres out of the tract for church purposes. But in view of the otherwise certain description given, this is not important. The objections on this head are insubstantial and quite technical and will be ruled against defendant.

Plaintiff stated the property to be incumbered by a mortgage of $850, whereas it was for the sum of $1,350 which had been paid down to the sum stated. This was not a breach of the warranty.

But the objection principally urged in this connection is that a new mortgage was given without the consent of the defendant company. The fact is that the original mortgage was satisfied and a new one for $800 to a different mortgagee was placed on the property without any consent from the company other than the original statement stating the incumbrance to be $850. The new mortgage was the old indebtedness reduced by $50, given to a different mortgagee, it is true, but in effect a mere renewal of the incumbrance already existing. The extinguishment of the original and the giving of the new mortgage were but one transaction, not altering the situation of the property. *Burns v. Thayer*, 101 Mass. 426. We held that any substantial increase in the amount of the mortgage in fact from that stated in the application of insurance would avoid the policy. But here there was no increase

of the amount, or of the risk, the change not, in fact, altering the original indebtedness save to decrease it. In such case, it will not be held to create a forfeiture of the policy. *Bowlus v. Ins. Co.*, 133 Ind. 113; *Russell v. Ins. Co.*, 71 Iowa, 69.

In the former case it was said that "if the assured can not renew a debt and give new evidences of it, he is at the mercy of the insurance company, or else he must take the hazard of losing his property by a forced sale under a decree of foreclosure. Neither reason nor justice requires that he should suffer in that way, for no harm can possibly be done to the insurer by a mere change in the evidences of indebtedness, inasmuch as its risk is not increased, nor its security diminished. * * * The reason for the rule that the creation of an incumbrance in violation of the terms of the policy works a forfeiture has been thus stated: 'It goes upon the theory of an increased risk by reason of incumbrances. If a man may incumber his property to its full value, and then insure it to its full value, it may easily be seen how it may be turned into a source of profit.' *Brown v. Ins Co.*, 44 Pa. St. 187."

We do not wish to be understood as stating that it would be allowable for a policy holder to discharge an incumbrance existing on the property at the time of insurance, and then, at some time afterward, as an independent and disconnected transaction, put on another incumbrance without the consent of the company. Such would be a violation of the terms of the policy.

Defendant has cited us to the case of *Hawkins v. Ins. Co.*, 70 Wis. 1, as authority against plaintiff's case, but an examination of that case will disclose that the second mortgage given was not in lieu of the first, but was an after and wholly independent transaction.

The further point is made by defendant that it demanded of plaintiff an examination under oath as to the incumbrances on the property, and that plaintiff failed to comply with the demand. The demand relied upon is a letter from defendant's agent to plaintiff's attorney. It is a request that he have plaintiff swear to a statement on that subject, to be made out by his attorney, but it is by no means the demand mentioned in the policy for an examination. The policy contemplates an examination *by the company or its agent;* the examination to be reduced to writing, signed, and sworn to as in a deposition.

We have examined other points suggested against the judgment, but see no reason to disturb it, and it is accordingly affirmed. All concur.