W. D. SHIVERS *v.* FARMERS MUTUAL FIRE INSURANCE COMPANY.

[55 South. 965.]

1. FIRE INSURANCE. *Description of property. Parol evidence.*

Where by mistake the property insured under a fire insurance policy is described as being in section 11 instead of section 2, this is immaterial where there is sufficient left in the policy after rejecting the erroneous description to identify the situation of the property insured, although the policy provides that it shall be void if the insured has misrepresented any material fact concerning the subject-matter.

2. INSURANCE. *Construction of policy.*

Fire policies will be construed most strongly in favor of the insured, the policy should be constructed, if practicable, so as to cover the

subject matter intended to be covered and a portion of the description which is false may be disregarded if enough remains to identify the property.

3. Parol Evidence. *Intention.* *Admissibility.*

Parol evidence is not admissible to so extend the terms of the policy as to cover property not intended in the description, but it may be received for the purpose of applying the description to the property intended to be described.

4. Judicial Notice.

The courts take judicial notice that section 2 adjoins section 11 on the north in the same township and range.

Appeal from the circuit court of Simpson county.

Hon. W. H. Hughes, Judge.

Suit by W. D. Shivers against the Farmers Mutual Fire Insurance Company. From a judgment sustaining a demurrer to the declaration, plaintiff appeals.

The facts are stated in the opinion of the court.

*Hilton & Hilton* for appellant.

The sole question, as we see it, presented to this court, is whether or not the plaintiff should have filed his suit in the chancery court for a reformation of a contract of insurance, and ask for a judgment under the reformed contract or whether or not he had a standing in the forum in which he did go, which is the circuit court. This question centers about the one allegation in the amended declaration, which is the averment that a mistake as to the location in describing the situation of the property was made. This allegation must be viewed, of course, in the light of the other allegations of the amended declaration, which specifically averred that the agent of the company was on the premises when it was insured, and saw and inspected the property as described in the policy, and the other averment that this misdescription as to the location of the property was immaterial, for the reason that it did not affect the hazard of the risk, or

the rate of the premium, or any other rights of the defendant.

Our view of the law is that if the misdescription in the policy as to its situation was immaterial, and has no effect upon the rights of the defendant, and was no inducement to the contract, and it can be wholly disregarded in a court of law, and does not affect the right of suing in the law court, it does not require the plaintiff to have a reformation of his contract before suit is brought. For authority along this line, we cite the court to the second paragraph of section 191 of the 6th Edition to Bispham's Principles of Equity, the said second paragraph being on page 275. It is there specifically said, "That the mistake must be material, because the court will not interpose its extraordinary relief for slight errors in matters which are not of much importance, as misrepresentations will not vitiate the contract unless it relates to something, which is a material inducement to the parties to act; so a mistake will not justify a man in seeking equitable relief, if it is a mistake relating to some trivial matter, which does not substantially influence his action." In the same authority, paragraphs 216 and 217, beginning on page 307 under the subject of Frauds, this principle of law was elaborated upon, and numerous authorities are cited in support of this principle of law. We refer, also, to Kerr on Fraud and Mistake, pages 73 and 74. This same principle of law is announced, and on pages 407 and 408 of the same authority, we find under the subject of Mistakes, that the law is, that the court of equity will not entertain suits to correct mistakes where the parties have remedies at law, and on page 408 the courts of equity will not lend its aid to correct mistakes which are not material in nature, and are not of the essence of a transaction, and are only incidental to it. Numerous authorities are cited in this work in support of this principle of law. Then, if this mistake in describing the situation of the property is an immaterial

error or mistake, we are rightfully in a court of law
and should not seek the aid of equity. In the case of
*Hatch* v. *New Zealand Insurance Company,* 67 Cal. 122,
it is held that in a policy of fire insurance, a portion of
the description which is false will be disregarded where
enough remains to identify the property. In the case of
*Phoenix Insurance Company* v. *Gebhart,* 32 Neb. 144,
and *Omaha Fire Ins. Co.* v. *Dufek,* 44 Neb. 241, it was
held that the misdescription in an insurance policy of
the land in which personal property insured was situ-
ated, was not material to the risk, and will not avoid
policy, if the property itself is properly described. In
19 Cyc., p. 664, in discussing description of subject-
matter, under subject of Fire Insurance, under "1" it is
said "a portion of the description which is false may
be disregarded, if enough remains to identify the prop-
erty. The rule being to support the contract of indem-
nity when possible." Authority is cited under this state-
ment of the law. And in 19 Cyc., under the subject of
Fire Insurance, on page 670, under number 15, the law
is announced there as being that parol evidence may be
received for the purpose of applying the description to
property intended to be described in the insurance pol-
icy. This is the law in courts of law, as well as courts
of equity.

Now, we contend, if the court please, by the face of the
policy itself, the property is sufficiently described, even if
it had made no reference as to what section of land it was
located in. The real property is described as a dwelling-
house, and as a smoke house. The personal property is
described in specie, and is stated to be located therein;
that is in the dwelling-house and smoke house, not in a
section of land. The afterthought added to the descrip-
tion is not necessary to be written in the policy to iden-
tify the property, which was insured and destroyed by
fire. We do not think counsel for appellee would se-
riously contend that the description of the property,

both real and personal, would not be full and complete
for all purposes necessary to recover in a court of law,
if no mention whatever was made of its being situated
in any section of land. In the case of *Doherty* v. *Ger-
man American Ins. Co.,* 67 Mo. App. 526, the court said
that the defects were immaterial "where the property
insured was described as located on a certain tract of
land, and a part of the land was in section 7, and two
and one-half acres of the tract were excepted for church
purposes. The application placed the tract in section
8 and said nothing of the church exception. That case
is directly in point with the case at bar, and we cite the
court to the case of *Prieger* v. *Exchange Mut. Ins. Co.,*
6 Wis. 89, in which it is held, "it is not a point material
to the risk that a mill situated in the corner of one sec-
tion is described in the application as being in the ad-
joining corner of the next section just across the stream."
This case is on all fours with the case at bar.

*Barbour & Henry,* for appellee.

The counsel for the appellant, in their brief, take the
position that, because the declaration alleges that the
misdescription of the property insured is immaterial,
that a reformation is not necessary or proper. It is
true that all allegations of fact are taken as true on de-
murrer, but the allegation here relied upon is not one of
fact, but is a conclusion of law. It is the very thing
that this court must determine in order to decide whether
a reformation was necessary.

The policy is made a part of the declaration, and con-
tains the following: "The following described property,
while located and contained as described herein, and not
elsewhere, to-wit: Then follows the property, including
the dwelling-house, which of course is real estate, as fol-
lows: "Located in section 11, T. 9, R. 20 west, county
of Simpson, one mile from Shivers, Mississippi." The
plaintiff, in drawing its declaration, alleges, in substance

that the minds of the parties met upon the question of what property was being insured, but that "by inadvertence or mistake, the location of the property insured was misdescribed so far as its situation is concerned, that is to say, the policy issued described the dwelling-house, and other property insured by said policy, as being located in section 11, T. 9, R. 20, when it should have been section 2, T. 9, R. 20."

The suit is upon the policy of insurance, that forming the basis of the action. If the case had proceeded to trial, the proof made that the house had burned, with its contents, the location of property shown to have been in section 2, then, had the plaintiff offered the policy showing the property insured to have been situated in section 11, it is too plain for argument that he would have been promptly met with the objection to the effect that there was a fatal variance between the proof and the allegation of the declaration. For this reason, the court permitted the withdrawal of the pleas and the filing of the demurrer in this case. The question involved here is narrowed to a single issue, of whether or not the plaintiff should have gone into the chancery court and asked a reformation of the policy of insurance, and a decree there.

One of the earliest cases on the question of reformation in this state is that of the *Phoenix Fire Insurance Company* v. *Hoffheimer*, 46 Miss. 645. This was a bill asking for a reformation, and this is the thing that should have been done in this case.

Counsel, in their brief, cite the case of *Wulson* v. *Farmer's Mutual Insurance Company*, 156 Michigan, but this case is not an authority here, unless, by inference, it sustains the view which we take. The question in the Wilson case was of estoppel to deny that certain personal property was covered by the policy because moved from the barn in which it was originally insured, and by

which it was described in the policy. There is no such question involved here.

The case of *Hatch* v. *New Zealand Insurance Company,* 67 Cal. 122, is also cited by the appellant, and relied upon as authority. In that case the property insured was described as "Overland and free warehouse No. 1, and described as located on the northeast corner of Third and King streets in San Francisco. The proof showed that the warehouse was not No. 1, but No. 2, but that its location was correctly stated. The court properly held that the addition of the words "No. 1" was a mere surplusage, and would be disregarded, and the description of the property amply sufficient to identify it. There is no question involved here of accuracy of description in the sense that the property can be identified, it is simply a case of insuring one house and its contents, and when the policy is written, by the terms of the contract, insuring an entirely different piece of property. In the case of the *Phoenix Insurance Company* v. *Giebhart,* 32 Neb. 144, personal property was insured, and suit was brought by this company against the assured for the premium, but payment was resisted upon the ground that the property described in the insurance policy was not properly described, it being located in the wrong section, and the contention was made for that reason the policy was void. The court properly held that this was no defence to the payment of the premium, as the policy was not void. So in the case at bar, it is not our contention that the policy is void, but simply a case where reformation is necessary before the contract with the parties can be enforced.

In the case of *Omaha Fire Insurance Company* v. *Dufolk,* 44 Neb. 241, the court seems to hold with the appellant, but that case cites no authority and simply follows the Giebhart case cited above. So far as I know, this is the only case which holds with the appellant on the proposition here involved. The case of *Dohorty* v.

*Insurance Company,* 67 Mo. 526, is also cited. That case, in my judgment, throws no light on the question involved here, for there the question was one of representation in the application by the assured for insurance. It was represented in the application that the assured had held a fee simple title to the property insured, the application alleging that the house was located in section 8. The proof showed this to be true, but also showed that the assured owned land in section 7, which adjoined the house, and that two and a half acres in section 8 had been donated to church purposes? The court held that the allegation that the property insured was in section 8, and the fact that two and a half acres had been donated to church purposes was entirely immaterial. There was no question of a reformation of the description of the house as being in the wrong company.

In the case of *Preizer* v. *Exchange Mutual Insurance Company,* 6 Wis. 89, cited by the counsel for appellant, the application located the mill property which was insured in the N. E. ¼ of section 8; the proof showed that it was in the S. W. ¼ of section 8, and the court took judicial knowledge of the fact that these quarter sections would necessarily be close to the point mentioned in the application. It was contended that the correctness of description of the property in the application was a condition precedent, and had to be complied with, or the policy void. The court held that this was not true, and the policy was not void, because the statement in the application was an immaterial one. There was no question of reformation of the policy involved.

In the case of *Landers* v. *Cooper,* 22 N. E. 212, is directly in point, and was decided by the court of appeals in New York in 1889. In that case the court held that evidence that the building described in the policy of insurance is not the one intended by the assured, is not admissible in an action of law on the policy.

Of course, we concede that if it would be proper upon the trial of this case for the court to permit proof to be introduced to show that, while the property was described as in section 11, in truth and in fact it was in an entirely different section, and that the property intended to be insured was not correctly described in the contract, then of course this demurrer should not have been sustained.

The fact that the property is described as being one mile from the town of Shivers does not aid the matter, because the court would take judicial knowledge of the fact that section 2 is immediately north of section 11, and the two sections could in fact be approximately the same distance from this village.

The counsel for the appellant contend that that part of the description in the policy, which locates the property in section 11, T. 9, R. 2 west, county of Simpson, one mile from Shivers, Mississippi, or the erroneous description of the location of the property, may be entirely disregarded, and there is then sufficient description of the property upon which to base a recovery. For this reason, they contend that the misdescription is immaterial, and might be regarded as surplusage. The counsel is mistaken in this, for the reason that there is no descriptive clause in the policy other than that which they state in their declaration to be a mistake. The property in the policy is not even referred to as the residence or dwelling-house of the assured. If so described, it would of course be an identification of the property, but the property is simply described as "dwelling-house" without saying that it is the dwelling-house of the assured or whose dwelling-house it is, or in any way designating it, except by locating it in section 11, when in fact the declaration says it is in section 2.

We respectfully submit to the court that the demurrer was properly sustained, and the proper procedure would be for the appellant to file his bill in the chancery court

of the county of his residence, asking for a reformation and a decree, instead of insisting that a court of law would have a right to permit evidence to be introduced varying the terms of the written contract upon which his action is based.

Argued orally by *R. L. Hilton,* for appellant.

Anderson, J., delivered the opinion of the court.

The appellee, the Farmers' Mutual Fire Insurance Company, entered into a contract of insurance with appellant, W. D. Shivers, by the terms of which it insured his dwelling house and household furniture in the sum of seven hundred dollars against loss by fire. The property insured was destroyed by fire, and on appellee's failure to pay the loss claimed appellant brought this suit. To the declaration appellee interposed a demurrer, which was by the court sustained, and the suit dismissed, from which judgment this appeal is prosecuted.

The question presented by the declaration and demurrer is whether the policy is unenforceable in a court of law, because the property insured is therein described as being in section 11, etc., when in fact, as shown by the declaration, it was in section 2, just north of section 11. The policy of insurance is made an exhibit to the declaration. The averments of the declaration necessary to be set out are as follows:

"That heretofore, to-wit, the said defendant was, and still is, engaged in writing insurance against loss of property by fire, and was so engaged on the 16th day of October, 1909. On the said 16th day of October, 1909, a duly authorized agent of the defendant, to-wit, James M. May, came to the home of plaintiff, about one mile from Shivers, in Simpson county, state of Mississippi, and solicited the plaintiff to take a policy in the defendant company. At the request and solicitations of the said agent, James M. May, plaintiff did then and there

99 Miss.—48

agree with the defendant to insure certain property, enumerated in policy No. 10962, which is made an exhibit hereto and part of this declaration. Plaintiff avers that the said agent, James M. May, of the defendant company, was, at the time that the application for insurance by plaintiff with the defendant was made, on the premises of plaintiff which is insured by said policy. The agent of the defendant saw the property, and knew exactly what property was being insured. Plaintiff avers that the agent, James M. May, did not require a formal application to be made by plaintiff, nor has plaintiff ever made formal application in writing, and there is therefore no formal written application with said policy, nor part of this policy; but the said agent, James M. May of defendant, made a memorandum of the property to be insured, and had the policy issued according to said memorandum. Plaintiff avers that by some inadvertence or mistake the location of the property insured was misdescribed, so far as its situation is concerned; that is to say, the policy issued describes the dwelling-house and other property insured by said policy as being located in section 11, township 9, range 20, when it should have been section 2, township 9, range 20. However, plaintiff avers that said misdescription as to the location and description of the property is immaterial, as it has no effect on the hazard of the risk, or the rate of the premium, or any other material right of the defendant. Plaintiff avers that the consideration of the contract of insurance, evidenced by policy No. 10962, which is attached hereto, is seventeen dollars and fifty cents; that on the 16th day of October, 1909, the defendant, for and in the consideration of the said seventeen dollars and fifty cents, paid the defendant by the plaintiff, issued the said policy No. 10962, insuring the property of plaintiff described in said policy No. 10962 for a period of three years—that is to say, from the

16th day of October, 1909, to the 16th day of October, 1912."

The property insured is described in the policy thus:

"To an amount not exceeding seven hundred dollars, on the following described property, while located and contained as described herein, and not elsewhere, to-wit:

On dwelling house ........................ $400.00
On household and kitchen furniture therein .. 100.00
On beds and bedding therein ................ 75.00
On wearing apparel therein ................. 25.00
On sewing machine therein .................. 15.00
On silver plate and plated ware therein ........ 10.00
On printed books and engravings therein ...... 5.00
On organ therein ......................... 25.00
On smoke house ........................... 20.00
On provisions therein ..................... 25.00
—— located in —— civil district of —— county, —— miles —— from ——, section 11, township 9, range 20 west, county of Simpson, one mile from Shivers, Mississippi.

"Reference Clause.—Reference being had to assured's application No. 10962, which is hereby made a part of this policy, and a warranty on the part of the assured."

Paragraph 8 of the policy provides, among other things: "This entire policy shall be void if the assured has concealed or misrepresented in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof."

Appellant's contention is that the error in describing the property insured as being in section 11, instead of section 2, is immaterial, because there is sufficient left in the policy after rejecting this erroneous description to identify the situation of the property insured. On the other hand, appellee contends that it was an error material to the risk, and appellant's only remedy is by

a bill in chancery to reform the policy and enforce it as reformed.

One of the fundamental rulings governing the construction of such policies is that they are to be construed most strongly in favor of the insured. *Boyd* v. *Insurance Company,* 75 Miss. 47, 21 South. 708. And another rule is that: "The language of the policy, being chosen by the insurer, it should be construed, if practicable, so as to cover the subject-matter intended to be covered. A portion of the description which is false may be disregarded, if enough remains to identify the property." The contract of indemnity will be supported, if possible. 19 Cyc. 664. The policy under consideration, in addition to describing the property as being located in section 11, etc., further describes it as being in Simpson county, one mile from Shivers, consisting of a dwelling-house and household furniture, setting out specifically each class of furniture.

In *Phoenix Insurance Company* v. *Gebhart,* 32 Neb. 144, 49 N. W. 333, the property insured was grain, hay, and stock, situated on section 5, township 15, range 19, when, in fact, it was situated on section 5, township 15, range 18. The court said: "The precise question here involved was before this court in *State Ins. Co.* v. *Schreck,* 27 Neb. 527, 43 N. W. 340, 6 L. R. A. 524, 20 Am. St. Rep. 696, and it was held that the variance was not material. The agreement in a policy is to insure certain property of a party, such as the house in which he and his family reside, a barn on his farm, and a warehouse for the storage of produce, or, as in this case, certain personal property. A misdescription of the land on which any of these are situated will not defeat a recovery in the case of loss by fire, because the court looks at the real contract of the parties, which was to insure certain property of the policy holder. The fact that such property was on a particular section, as section 16, instead of 17, cannot, of itself, affect the risk, and

would not render the policy void. The defense, therefore, wholly fails."

In *Omaha·Fire Ins. Co.* v. *Dufek,* 44 Neb. 241, 62 N. W. 465, the property insured was broom corn, described in the policy as being in one township, when in fact it was in another. It was contended that the insured's remedy was in a court of equity to reform the policy. The court said: "The contentions of plaintiff in error with reference to the necessity of a reformation of the policy precedent to bringing suit and the alleged fatal effect of the misdescription noted are fully met by the following language quoted from *Phoenix Ins. Co.* v. *Gebhart,* 32 Neb. 144, 49 N. W. 333, *supra.*

In *Hatch* v. *New Zealand Ins. Co.,* 67 Cal. 122, 7 Pac. 411, the property insured was a warehouse described in the policy, "Overland free warehouse No. 1, situate at the northeast corner of Third and Keys streets, San Francisco," when in fact, the property described was "Overland Free Warehouse No. 2," instead of "No. 1." The court held that, that part of the description designating it as warehouse "No. 1" should be rejected as false. The court said: "It appearing by the proof of the actual condition of the property that the description 'No. 1 was false,' and that the remaining description of the property sufficiently identified it, the false part should be rejected. We know no reason why this rule does not apply to a description of property in a policy of insurance, as well as to a description of property in a conveyance."

In *Prieger* v. *Exchange Mutual Ins. Co.,* 6 Wis. 89, the property insured was a paper mill, described as "Prieger's Paper Mill, situated northeast quarter of section 26, township 7, range 21," while the fact was it was situated on the southwest quarter of section 25. The court said: "It is supposed that the court will take judicial notice of the relative situation of the sections and quarter sections of land according to government survey; and that the southwest quarter of section 25 cor-

ners upon the northeast quarter of section 26, and that if the water to propel the mill was actually upon the corner of the southwest quarter of section 25, it could not in any degree be material to the risk. Besides, the testimony of Kluppack shows, if there was an error or mistake herein, it was the fault of the agent of the company, and not of the plaintiff. But it is entirely immaterial.''

. To the same effect is *Dougherty* v. *German American Ins. Co.,* 67 Mo. App. 526.

. The location of the property insured is an essential .element in the description, and, if its locality is erroneously described, this will void the policy. But if, rejecting such erroneous description, there is sufficient left in the policy to point out the property intended to be insured, this is sufficient. It is true parol evidence is not admissible to so extend the terms of the policy as to cover property not intended in the description, ''but it may be received for the purpose of applying the description to the property intended to be described.'' 19 Cyc. 670.

The court takes judicial notice of the fact that section 2 adjoins section 11 on the north; and in addition to this there is sufficient in the policy pointing out the property insured to authorize parol evidence identifying the property destroyed as that insured.

Counsel for appellee rely on *Landers* v. *Cooper,* 115 N. Y. 279, 22 N. E. 212, 5 L. R. A. 638, 12 Am. St. Rep. 801, and *Martin* v. *Farmers' Insurance Co.,* 84 Iowa 516, 51 N. W. 29. Those cases do not sustain their contention. They are cases in which the erroneous description of the property could not be rejected and leave in the policy a sufficiency of description to point out the property intended. There was not enough in the policies in those cases describing the property insured to authorize the admission of parol testimony applying such description to the property intended.

*Reversed and remanded.*