BERTHA FREY ET AL. V. ELLA E. OWENS ET AL.

[FILED NOVEMBER 20, 1889.]

An Amendment of a petition in equity, allowed by the district court, after a finding and judgment on the merits, under a state of facts and circumstances set out at length in the opinion, *held*, properly allowed and made.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*S. P. Vanatta,* for plaintiff in error:

The agreement as to the final decree being solemnly executed, and sanctioned by the court, cannot now be amended by it; nor should it be set aside on account of a blunder, or even of fraud, unless the evidence of the latter be conclu-

Frey v. Owens.

sive. The instrument itself is evidence not to be overcome by unsatisfactory oral testimony. (*Parlin v. Small*, 68 Me., 290 ; *Brown v. Blunt*, 72 Id., 415 ; *Martin v. Berens*, 67 Pa. St., 459 ; *Cannon v. Jackson*, 40 Ark., 417 ; *McCall v. Bushnell*, 42 N. W. Rep. [Minn.], 545 ; *Caldwell v. Depew*, Id., 479 ; *Owen v. Yale*, Id. [Mich.], 817.)

*Ballou & Browne*, and *J. B. Strode*, for defendants in error :

A suitor's rights will not be sacrificed on account of mistake or of an attorney's neglect. In furtherance of justice, courts may correct their judgments. (*Sharp v. Mayor*, 31 Barb., 578; *Irving v. Bank*, 6 O. St., 81 ; *Com. v. Weymouth*, 2 Allen [Mass.], 144 ; *King v. Price*, 6 East. T. R., 323 ; *Burnside v. Ennis*, 43 Ind., 411 ; *Lee v. State*, 32 O. St., 113 ; *U. S. v. Harmison*, 3 Sawyer [U. S. C. C.], 556. The court properly allowed defendant in error to amend the petition after decree. (Code, secs. 144, 145 ; *Harris v. State*, 24 Neb., 803 ; *Volland v. Wilcox*, 17 Id., 50 ; *Gregory v. Tingley*, 18 Id., 319 ; *Mills v. Miller*, 3 Id., 95; *Burley v. Millard*, 11 Id., 286 ; *Porter v. Holt*, 11 S. W. Rep., 494.)

COBB, J.

This proceeding in error is brought to review a decree of the district court of Cass county.

The complainants in the court below, Ella E. Owens, May Stowell, and Elmer E. Stowell, exhibited their bill against Bertha Frey, widow of John, John Frey Jr., Bertha Frey Jr., George Frey, Clemma Frey, Henry Frey, Tobias Frey, Jacob Frey, and Jerome Frey, minor heirs of said John Frey, deceased, setting up that on March 12, 1862, Eleanor Newhouse conveyed by warranty deed to Castilla Jane Kirkpatrick, Mary Samantha Kirkpatrick, and Naomi B. Kirkpatrick the south half of the southwest quarter of the northwest quarter of the southwest

quarter of section 3, township 12 N., range 12 E., in Cass county, Nebraska, the said Eleanor at that time being the *bona fide* and legal owner of said premises; that the grantees in said deed were the only heirs of William H. Kirkpatrick, and the object of said deed was to vest the title in said grantees, and of their share of their father's estate, the said Kirkpatrick having been in his lifetime a former husband of said Eleanor Newhouse, and she was the mother of the grantees in said deed, which deed was duly filed for record May 19, 1862, and recorded in book E, p. 271.

They further allege that Naomi B. Kirkpatrick departed this life December 2, 1873, under twenty years of age, without issue; that Mary Samantha Kirkpatrick, married to John W. Brice, departed this life June 11, 1872, aged thirty-one years, leaving one child, Mary Brice, born in May, 1870, and married to Elmer E. Stowell, one of the plaintiffs; that Castilla J. Kirkpatrick was married to R. M. Owens and departed this life May 2, 1874, aged twenty-four years, leaving one child, Ella E. Owens, born in February, 1870 ; that they are the sole surviving heirs at law of the estate of the grantees in said deed; that the land described was all of the estate which they inherited from their parents and constitutes their sole property in their own right; that since their mother's decease they have lived with their grandmother, Eleanor Newhouse, except at limited periods, while they resided with other relatives; that they had not, prior to 1888, money or means under their control ; that no legally constituted guardian has ever had or taken charge of their said estate with a view or purpose of protecting their interests therein; that they were until February and May, respectively, in 1888, under the age of eighteen years.

That on September 5, 1873, the county treasurer executed and delivered to S. N. Merriam a tax deed upon said premises, of record in book T, p. 82, the same having been sold for the taxes of the year ——, which sale was made with-

out authority of law, there having been no legal assessment, and the requirements of law were not complied with by the purchaser to obtain said deed; that one of the plaintiffs, Mary Stowell, was then a minor under four years of age; that said deed is void, and if good for anything it is only for the proof of the amount of taxes paid by said Merriam, and was filed for record March 28, 1874.

That on May 8, 1874, the county treasurer issued one other tax deed to said Merriam, conveying said lands with other lands therein, which deed was filed for record May 9, 1874, and which was based upon the sale made on the illegal assessment and levy, and the laws were not sufficiently complied with to obtain said deed, which is void upon its face, and if good for anything it is only for the proof of the amount of taxes paid for the same; that both of the plaintiffs herein were the owners of said premises, and were minors under the age of five years at the date of said deed, and had no notice or knowledge of the proceedings to obtain either of said deeds.

That on July 13, 1878, the county treasurer issued another tax deed to said Merriam for said premises upon a sale for the taxes of 1870, as shown by book X of deeds, p. 102; that the sale was illegal, and the deed void for the reasons stated in the two prior deeds mentioned, the owners and plaintiffs being infants under the age of nine years at the date of the expiration of the time of redemption.

That on November 25, 1881, the county treasurer issued a certain other tax deed to said Merriam purporting to convey said premises, which deed and the proceedings on which it is based are illegal and void.

That on December 27, 1886, the county treasurer issued a certain other tax deed attempting to convey said premises to J. P. Mathews, based on the sale of the same for the taxes of 1883; that Mathews afterwards conveyed the same by deed to W. D. Merriam, who afterwards conveyed the same by deed to said John Frey; that in the said pro-

ceedings to obtain said deed said Mathews caused notice to be served on said Frey, the occupant of said premises, who accepted service; that said Frey was in collusion with said Mathews in the service and acceptance of notice, and was a party to the procuring of said sale for taxes, and that it was in substance and effect the serving of notice by John Frey upon himself, and so far as he was concerned was fraudulently obtained and should be so declared by the court; that all of this occurred on taxes levied subsequently to Frey's possession of this land; that no other valid notice was served on defendants, nor did they have actual knowledge of the fact that the premises had been sold for the year 1883, or for any other year or years in any of the deeds mentioned; that at the dates of each the plaintiffs were minors under the age of eighteen years, and under such legal disability that they had no right or authority to act had they known of said different sales, purchases, and execution of tax deeds; that the lands were taxed, listed, and assessed in the name of another aside from the owner as in all the prior deeds; that there was no notice as required by law; that the assessment, listing, levy, and sale upon which said deed was based does not in any manner conform to the laws of this state; that the said deeds are void upon their face, and that at the time the date of redemption expired in all the deeds aforesaid the plaintiffs were minors.

That S. N. Merriam and wife, by W. D. Merriam, their attorney in fact, on May 10, 1883, conveyed by deed of that date the said premises to John Frey, who departed this life —— ——, 18——, leaving as survivors the defendants herein; that no other persons are interested in said conveyance of said Merriam and wife, except the defendants; that in the year 1883 said Frey entered upon and made sundry improvements of said premises, consisting of plowing the land and building a residence and occupying the same, the house of the value of $350 and other im-

provements $150, a total of $500, and no more; that there is in the aggregate, based upon the first year that said land was farmed, and the successive years up to the present time, the sum total that the defendants have received, the benefit and product of the crop on said land of 240 acres, or an average of forty acres each year, and that a reasonable value for the use and occupation of said premises has been $3 per acre each year, making a total benefit received by defendants of $720, and during all this time prior to February and May, 1888, respectively, the plaintiffs were infants in law under the age of eighteen years.

The plaintiffs pray that the defendants be summoned to answer the matters alleged, that the said deeds be declared void, and the cloud thereby resting over plaintiff's title to said premises, by the several deeds mentioned, be fully removed and that by decree of the court the plaintiff's title be freed from all adverse claims, and that defendants be barred from ever asserting any right or title thereto, and that possession of said premises be decreed to these plaintiffs. But if the court find that by virtue of the deeds aforesaid the defendants are entitled to any equities whatever in said premises by the payment of taxes, that then the court ascertain the exact amount by an accounting to be made for the value of the rents and profits by the defendants received, and permit the plaintiffs to redeem said premises from the tax sales aforesaid by paying the amount into court for the use and benefit of defendants, and grant such other and further relief as the plaintiffs may be entitled to.

The defendant, Bertha Frey, for herself and for the minor defendants, answered, denying each and every allegation of the complaint, and denied that the plaintiffs are heirs at law of W. H. Kirkpatrick as stated, or that they have any right or interest in and to the land described.

And for further answer set up that if the plaintiffs ever had any right or interest in and to said land the same

is barred by the statute of limitations, as more than ten years elapsed since they became of age and before the bringing of this suit; and that she and the minor defendants are the sole owners of said land, and are entitled to the possession and to all the rents and profits thereof.

There was then a stipulation entered into by the parties for the settlement of this suit as follows:

"The defendants agree to give the plaintiffs a decree as prayed for, and also a decree setting aside the warranty deed of S. N. Merriam, by W. D. Merriam, his attorney in fact, to John Frey for said land, if the plaintiffs want such decree, and give plaintiffs possession of the land by the first day of March, 1889. In consideration thereof the plaintiffs agree to pay into court the amount of taxes paid on said land by the defendants and their grantors, with the rate of interest thereon allowed by the court, and they further agree that this shall be a full settlement of all claims and demands now existing between the parties in relation to the south half and the northwest quarter of the southwest quarter of section 3, township 12, range 12, in Cass county, Nebraska.

"The payment into court of the amount of said taxes shall release the plaintiffs from all liens on account of the payment of taxes, and defendants agree that the lien of Richie Bros., if any, shall be paid out of said amount of taxes so paid into court and the plaintiffs to have the land described free from any liens thereon. This agreement to be approved by the court on behalf of the minor defendants."

Subsequently the answer of the guardian *ad litem* for the minor defendants denied each and every allegation of the plaintiffs. On November 26, 1888, there was entered a decree, on the submission of the cause to the court, under the stipulation, "that the matters alleged in the petition are true; that the several tax deeds set forth, as well as the deed from S. N. Merriam and wife, by W. D. Mer-

riam, their attorney in fact, to John Frey be set aside as to the lands described, and that the same be decreed null and void as to said lands.

"That the defendants and all persons claiming by, through, or under them be forever barred from claiming any right, title, or interest in or to said lands or any part thereof, save and except only the plaintiffs, who shall pay into court, for the use and benefit of the defendants and their grantors, the amount of taxes found to be due to defendants or their grantors upon said premises as found and reported by D. A. Campbell, the referee, appointed herein, and upon the payment of said sum into court the plaintiffs shall take said premises free and clear from all rights and liens by reason of the payment of any taxes on said premises by said John Frey or his grantors and all rights of defendants thereto. It was further decreed by consent of the parties that the plaintiffs shall have possession of the premises on or before March 1, 1889, and the plaintiffs shall be forever barred from bringing or prosecuting any suit or suits against the defendants for any cause of action now existing in relation to the south half and the northwest quarter of the southwest quarter of section number three, township number twelve, of range number twelve in Cass county, Nebraska, or for any damage for the use or occupation or detention of said lands in any manner, and that the defendants pay the costs of this action.

"SAMUEL M. CHAPMAN,
"*Judge District Court.*

"We consent that the above decree be signed by the judge and entered of record as the final decree in said cause.

"W. L. BROWNE, *Attorney for Plaintiffs.*

"S. P. VANATTA, *Attorney for Defendants.*"

On November 27, 1888, the referee's report was filed in said court as follows:

Frey v. Owens.

"*W.* ½ *S. W.* ¼ *and S. E.* ¼ *S. W.* ¼ *Sec. 3, Tp. 12, R. 12 E.*

| Year | | Principal | Interest. | Total. |
|------|---|-----------|-----------|--------|
| 1870 | Sold to S. N. Merriam, Sept. 4, 1871................ | $15 07 | $39 47 | $54 54 |
| 1871 | Paid by Merriam, June 14, 1872...................... | 18 75 | 36 84 | 55 59 |
| 1872 | Paid by Merriam, May 22, 1873......... ............ | 26 97 | 49 98 | 76 95 |
| 1873 | Paid by Merriam, April 30, 1874...................... | 36 36 | 63 63 | 99 99 |
| 1874 | Paid by Merriam, January 15, 1875.................. | 39 60 | 65 53 | 105 13 |
| 1875 | Paid by Merriam, February 5, 1876.................. | 18 45 | 28 19 | 46 64 |
| 1876 | Paid by Merriam, April 30, 1877...................... | 15 30 | 21 11 | 36 41 |
| 1877 | Paid by Merriam, June 8, 1878....................... | 12 36 | 16 02 | 28 38 |
| 1878 | Sold to S. N. Merriam, November 20, 1879....... | 18 15 | 29 82 | 47 97 |
| 1879 | Paid by S. N. Merriam, April 30, 1880............. | 15 00 | 15 45 | 30 45 |
| 1880 | Paid by S. N. Merriam, October 14, 1881......... | 14 47 | 12 24 | 26 73 |
| 1881 | Paid by S. N. Merriam, October 12, 1882......... | 19 38 | 14 05 | 33 43 |
| 1882 | Paid by S. N. Merriam, September 28, 1883..... | 18 90 | 11 72 | 30 62 |
| 1883 | Sold to J. P. Mathews, November 3, 1884........ | 17 43 | 10 44 | 27 87 |
| 1884 | Paid by J. P. Mathews, December 31, 1884...... | 17 55 | 6 66 | 24 21 |
| 1885 | Paid by J. P. Mathews, November 10, 1886..... | 17 22 | 3 36 | 20 58 |
| 1886 | Paid by A. E. Alexander, October 31, 1887..... | 16 38 | 1 63 | 18 01 |
| | | $337 36 | $426 14 | $763 50 |

"The foregoing is a correct statement of amounts paid in purchasing at tax sale the land described by S. N. Merriam and J. P. Mathews, together with amounts of subsequent taxes paid by said parties and A. E. Alexander, as appears from tax list, with interest thereon as per order of court, on amounts paid in purchasing at tax sale September 4, 1871, forty per cent per annum for first two years from date of sale, and twelve per cent per annum to date. The rate on sales to S. N. Merriam, November 20, 1879, and to J. P. Mathews, November 3, 1884, is at twenty per cent for first two years, and ten per cent for remainder of time to date. On subsequent taxes paid prior to November 20, 1879, interest is at the rate of twelve per cent per annum from date of payment to date. On subsequent taxes paid since that date interest is at the rate of ten per cent per annum. D. A. CAMPBELL, *Referee.*"

Exceptions to this report were taken:

1. That there is not the amount of taxes due on the land described that is made to appear.

2. The report does not show that the amount of taxes so reported was paid on, or was a lien on, the land, but shows other lands than those claimed by the plaintiffs.

3. The amount of taxes so reported is not correct, as appears from the pleadings in the cause.

It is prayed that the report be set aside, and that the case be again referred to the referee to report under the direction of the court.

The plaintiffs next moved to amend their petition, the stipulation, and decree, so far as to correct a clerical error, especially as to the description of the land, and cause the same to read: "The south half of southwest quarter, and northwest quarter of the southwest quarter of section 3, township 12 north, range 12 east," for the reason that there is an error in the description contained in the petition.

And subsequently, on December 3, 1888, in open court, the cause was again heard, and considered on the plaintiffs' motion for leave to correct the description of the real estate contained in their said petition, and the court being fully advised in the premises doth find that the said petition was intended to and does describe the land in the tax deed as the south half of the southwest quarter, and the northwest quarter of the southwest quarter of section 3, township 12 north, range 12 east, sixth P. M., in Cass county, Nebraska; and the said plaintiffs were allowed to correct their petition accordingly, to which the defendants duly excepted, and the cause coming on for further hearing upon the exceptions to the referee's report, and the court being fully advised in the premises, overruled said exceptions.

The cause is brought to this court by the defendants on error. The errors assigned are as follows:

"1. That the court erred in allowing the plaintiffs to amend their petition so as to describe the land in controversy in said cause as the south half of the southwest quarter, and the northwest quarter of section 3, in township 12 north, of range 12 east, in Cass county, Nebraska, instead of the south half of the southwest quarter of the northwest quarter of the southwest quarter of section 3, township 12, range 12 east, in Cass county, Nebraska, as was in fact described in said petition.

" 2. The court erred in finding that the plaintiffs in said cause intended to and did describe the land in said petition as the south half of the southwest quarter, and the northwest quarter of the southwest quarter of section 3, in township 12 north, of range 12 east, in Cass county, Nebraska.

" 3. The court erred in overruling the defendant's exceptions to the report of the referee filed in said cause."

Section 144 of the Civil Code provides that " The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case ; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. And whenever any proceeding taken by a party fails to conform in any respect to the provisions of this code, the court may permit the same to be made conformable thereto by amendment." This section gave the district court ample power to permit the said amendment to be made at the time it was made. Where the mistake or omission to be corrected by amendment is one that does not show for itself, it is a matter of discretion on the part of a trial court as to the amount or character of evidence that it will require to establish it, so long as the principles of justice and fairness between the parties are not departed from. In the case at bar there was no legal description of land in the petition as originally drawn, although a somewhat similar form is sometimes followed by careless or incompetent draughtsmen. Forty acres of land, or one-sixteenth of a section, is the smallest subdivision known to the land laws of the United States, and, with the exception of city and village lots, is the smallest subdivision of land that can be legally described, eo nomine, and the

words used in the petition, before the amendment, if they are susceptible of any meaning, described five acres of land only. I think that the attention of the court had only to be called to the description to convince it that it was a proper case for amendment. But there was evidence by affidavit before the court sufficient to establish the fact of the mistake, and the necessity for an amendment.

If the defendants had entered into the stipulation relying upon the description of premises as contained in the original petition, and had thereby waived a just and equitable defense which they had to the petition as amended, not equally applicable to the same in its original form, and a showing to that effect had been brought to the attention of the trial court and an application to set aside and cancel the stipulation founded thereon, it would have been entitled to consideration and probably allowed, but it was not done.

The second assignment is embraced substantially in the first, and is sufficiently considered therewith.

The exceptions to the report of the referee are directed solely to the amount of taxes found to have been paid by the defendants upon the lands involved in the action, and the principal and interest found due to them thereon, and required to be paid by the plaintiffs in redemption thereof, and the objection of the defendants is that the amount thereof as found is too large. In other words, the referee computed the taxes and interest, as paid by the defendants, upon the whole one hundred and twenty acres of land as described in the amended petition, instead of upon the five acres of land only, claimed to have been described in the original. Holding as we do that the amendment was one proper to be allowed and made, it follows that all of the assignments must be overruled and that the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.