HIGGINS, ET AL., APPELLANTS, v. THE PEOPLE OF THE STATE OF COLORADO, APPELLEES.

1. AMENDMENT AFTER APPEAL.

A court has power to vacate a judgment at the term at which it was rendered, and permit the pleadings in the case to be amended, notwithstanding an appeal from the judgment has been perfected.

2. SAME—DISCRETION.

The allowance of amendments to pleadings rests in the sound discretion of the court.

*Appeal from the District Court of Las Animas County.*

Messrs. NORTHCUTT & FRANKS, for appellants.

Mr. JAMES M. JOHN, for appellees.

RICHMOND, P. J., delivered the opinion of the court.

At a term of the district court of the third judicial district within and for the county of Las Animas, one Thomas Higgins was indicted for assault with intent to kill and murder. Trial was had and resulted in a verdict of guilty, which verdict was set aside and new trial ordered. Thereafter Higgins as principal and John O. Packer and Jesse G. Northcutt as sureties, entered into a recognizance in the sum of $2,000, conditioned that the said Thomas Higgins should personally be and appear before the district court on the next regular term thereof to be holden in the court house in Trinidad in said county on the 9th of March, 1891, and from day to day of each term thereof.

On the 17th of March, A. D. 1891, the same being one of the regular judicial days of the March term of said court, the said Higgins then and there failed to personally be and appear. The complaint recites that he was called but came not, and therein made default. That thereupon the said Packer and Northcutt were also called to bring into court the body of Thomas Higgins, which they failed, refused and neglected to do, and thereby made default in the conditions of the said recognizance, and the same was then and there by order entered of record in said court, declared forfeited.

To the original complaint a demurrer was interposed, on the ground that it did not state facts sufficient to constitute a cause of action. It was overruled and defendants elected to stand by the demurrer. Judgment was thereupon entered. An appeal prayed, appeal bond filed and transcript ordered.

Thereafter at the same term of the court, the district attorney appeared and moved the court to vacate the judgment, admitting that the complaint was defective. To thus vacating the judgment defendants interposed objections, but never-

theless the motion was allowed and the court then permitted the complaint to be amended by inserting the words, "which said recognizance was then and there duly filed in the district court of said county and become a part of the records thereof."

The demurrer to the original complaint was permitted to stand as the demurrer to the complaint as amended, and was overruled. Defendants refused to answer and elected to stand by the demurrer, default and final judgment.

The errors assigned are that the court erred in permitting the plaintiff to amend the complaint, and that even with the amendment the complaint is insufficient in this, that it fails to show that the default of the principal, Higgins, was entered of record.

The first question is most unmistakably met and answered by the conclusion of the supreme court in the case of *Horn v. Reitler*, 15 Colo. 317. This was a case which was upon appeal reversed and thereafter a new trial was had, but previous to proceeding to trial application was made to amend the pleading, and granted. The court, in the course of the opinion, says : " The amended pleading appears to have been necessary to enable the plaintiff to fully and thoroughly present upon the trial his defense to the new matter set up in the answer, and was properly allowed. It is not claimed that defendant was surprised at the nature of the matters pleaded therein, and, if he had shown such surprise this would more properly have furnished a ground for a continuance than a valid objection to the allowance of the amendments. It is the policy of the code to allow amendments to pleadings whenever the ends of justice will be subserved thereby, and it has been repeatedly held by this court that such amendments may be permitted in the discretion of the court after one trial has been concluded and a new trial ordered. Such applications are addressed to the sound discretion of the trial court, and its decision thereon will not ordinarily be disturbed."

Such being the rule, we are of the opinion that the contention of appellants herein is without merit. The vacation

of the judgment was undoubtedly within the power of the
court, and the leave to amend the complaint thereafter finds
its warrant in the rule laid down.   If after trial and an ap-
peal and reversal of judgment an amendment is allowable
under the code, how can it be argued that upon vacation of
its own judgment, when such judgment is within the abso-
lute control of the court, an amendment to pleadings should
not be allowed.   The amendment permitted was not a mat-
ter of surprise nor did it in any wise prejudice the defend-
ants.   On the contrary the record discloses the fact to be,
that they well knew of the necessity of the amendment, and
that they precipitated their appeal by filing a bond and call-
ing for a transcript before the expiration of the time and
during the term of court wherein default and final judgment
was entered.   It was purely a technical defense, and the sit-
uation fully supports the court in the exercise of its discre-
tion in allowing the amendment at the time.

With reference to the point that the complaint fails to
show that the default of the principal obligor was entered
of record, we have to say that we think the complaint suf-
ficiently alleges that fact.   For after reciting that the prin-
cipal, Higgins, was repeatedly called, and the subsequent
calling of Packer and Northcutt as sureties, it then says,
"and thereby made default in the premises and conditions of
their said recognizance, and the same was then and there, by
order entered of record in said court, declared forfeited."
The most that can be said of the complaint in this particu-
lar, is that it is rather disconnected and ambiguous.   The
demurrer only alleges that the complaint fails to state facts
sufficient to constitute a cause of action.   All other grounds
of demurrer save and except jurisdiction must be enumer-
ated.   Such is the provision of the code and the repeated
decisions of the Supreme Court as well as this court.   If
counsel for appellants could have found any authorities in
support of the last proposition, we assume that they would
have cited them.   The authorities cited seemingly support
the proposition that the recognizance on which the action

was brought should be returned to the clerk' of the court in which the principal therein was bound to appear. These authorities have no application to the situation of the parties nor any relevancy to the issue presented by the complaint. The record distinctly shows that the recognizance was taken in open court and was made a part of the record then and there, and it is so recited in the complaint by the very words of the amendment, if it did not sufficiently appear before.

The judgment is affirmed.

*Affirmed.*