## POLK v. BOARD OF EDUCATION OF CITY OF SANTA BARBARA.

### L. A. No. 1168; October 9, 1903.

74 Pac. 47.

Schools—Employment of Teacher—Proof of Contract.—A contract of a school board employing plaintiff as a teacher for the ensuing year at a salary of $1,100 is proved by minutes of the board showing she was elected teacher for the ensuing year, a letter from one of the members to her informing her of her election, a letter from her to him accepting the employment, and proof that for several years previously she had been employed by the board at a salary of $1,100, and that, in pursuance of the employment for the year in question, she entered on her duties and taught for the first four months, receiving the due proportion of the salary at that rate.

APPEAL from Superior Court, Santa Barbara County; W. S. Day, Judge.

Action by Mary Polk against the board of education of the city of Santa Barbara. Judgment for plaintiff. Defendant appeals. Affirmed.

Henley C. Booth for appellant; Richards & Carrier for respondent.

SHAW, J.—This action is, in all respects but one, similar to the action of Hancock v. Board of Education, 140 Cal. 554, 74 Pac. 44, this day decided, and what is said in that case applies equally to this case. This also is an appeal by the defendant from a judgment in favor of the plaintiff, the evidence being before the court by virtue of a bill of exceptions. The only particular in which the claim of the appellant in this case differs from the other is in relation to the contract under which the plaintiff claims. The contention is that the contract alleged is not proved. The allegation is that the contract entered into by the Santa Barbara high school district was a contract whereby the board employed the plaintiff as teacher in the high school for the school year beginning in September, 1899, at the annual salary of $1,100. In proof of this allegation, the plaintiff introduced in evidence the minutes of the board of August 8, 1899, showing that the plaintiff was elected teacher of English for the ensuing year, a letter from one of the members to the plaintiff informing her of her election, and a letter from the plaintiff to the same member in substance accepting the employment. In addition to this, there was proof that the plaintiff had been employed for several years previously by the same board at an annual salary of $1,100, and that in pursuance of the employment for this year she entered upon her duties, and taught for the first four months of the year in question, receiving the due proportion of the salary at the same rate. The liability of the defendant in this action necessarily depends on the liability of the board or organization to which it succeeded. If there was a contract by which that body was bound to continue the employment of the plaintiff during the school year, it necessarily follows that the board of education which succeeded to its obligations is also bound to the same extent. We think the evidence was sufficient to justify the findings of the court in that respect, and that the judgment is correct.

For the reasons here given, as well as those in the case of Hancock v. Board of Education, the judgment is affirmed.

We concur: Angellotti, J.; Van Dyke, J.