## AMADA FRENCH v. STATE FARMERS' MUTUAL HAIL INSURANCE COMPANY.

(L.R.A. 1915—, 151 N. W. 7.)

**Amendments — allowance of — discretion of court.**

1. The allowance of amendments rests largely within the sound discretion of the trial court.

---

Note.—In harmony with the decision in this case, it seems to be well settled that, on principle as well as from considerations of public policy, agents of insurance companies authorized to procure applications for insurance must be deemed the agents of the insurers, and not of the assured ,in all that they do in

**Complaint — amendment to conform to facts proved — mistake — surprise — prejudice — allowance for.**

2. Where it clearly appears that the defendant was not misled, surprised, or in any way prejudiced from maintaining his defense upon the merits, an amendment of the complaint to conform to the facts proved should be allowed.

**Misjoinder of causes — equitable — legal — appeal — objection first made on.**

3. The objection that there is a misjoinder of causes of action, or that a cause is of equitable, and not of legal, cognizance, cannot be raised for the first time on appeal.

**Insurance contract — reformation — recovery on — same action.**

4. An insurance contract may be reformed and a recovery thereon enforced in the same action.

**Agents for insurance company — applications for insurance — authority to take — agents or insurers — mistakes in application — chargeable to insurer.**

5. Agents for an insurance company, authorized to procure applications for insurance, and to forward them to the company for acceptance, are deemed the agents of the insurers in all that they do in preparing the application. Hence, when such agent makes out an application incorrectly, notwithstanding the facts are truthfully stated to him by the applicant, such error is chargeable to the insurer, and not to the insured.

**Hail insurance — misdescription of land in application — loss — recovery — reformation of application contract — same action — facts to be pleaded.**

6. A misdescription of the land on which crops, insured against hail, are growing, will not of itself prevent a recovery in case of loss. And where such misdescription is due solely to the error of the agent of the insurance company

---

preparing the application. In cases where the agent has filled in the application for the assured and the company has sought to relieve itself from liability upon the ground that in so doing he acted for the assured, and not for the company, the courts have held that if the applicant fully stated the facts to the agent and the latter filled in the application wrongfully, the agent is to be considered the agent of the company. The cases on the question, when insurance agent is the agent of the assured, are reviewed in a note in 20 L.R.A. 277.

And as shown by the authorities reviewed in notes in 4 L.R.A.(N.S.) 607, and L.R.A. 1915A, 273, on the effect of agent's insertion in the application of false answers to questions correctly answered by insured, the great weight of authority is to the effect that if an agent authorized to solicit insurance either fraudulently or negligently inserts in the application false answers to questions correctly answered by the applicant, his wrong would be imputed to the company, and it will be estopped to defend an action upon the policy upon the ground of the falsity of such answers, if the insured was unaware that his answers were incorrectly recorded.

in preparing the application for such insurance, it is not necessary to bring an action in equity to reform the policy, but the insured may, by setting forth the facts relating to the mistake in his complaint, bring an action at law thereon in the first instance.

Opinion filed February 2, 1915.

From a judgment of the District Court of Walsh County, *Kneeshaw,* J., defendant appeals.

Affirmed.

*H. R. Turner,* for appellant.

There were mistakes made in the contract of insurance. As to whether an action can be maintained at law on the policy without first having had a reformation, the practice differs in different jurisdictions. Some courts hold there must be a reformation before there can be an action at law. 19 Cyc. 654; Taylor v. Glens Falls Ins. Co. 44 Fla. 273, 32 So. 887; Collins v. St Paul F. & M. Ins. Co. 44 Minn. 440, 46 N. W. 906; Sun Ins. Co. v. Greenville Bldg. & L. Asso. 58 N. J. L. 367, 33 Atl. 962; Landers v. Cooper, 115 N. Y. 279, 5 L.R.A. 638, 12. Am. St. Rep. 801, 22 N. E. 212.

Extrinsic evidence which goes beyond the purpose of aiding in the interpretation of the written contract, and which tends to show that the subject thereof was different from that described in the written contract, while it might tend to establish a case for the reformation of the contract, would be inadmissible to sustain an action to enforce the contract as written, as though it applied to the property intended to be covered, but not described in the policy. Johnson v. Dakota F. & M. Ins. Co. 1 N. D. 167, 45 N. W. 799; Landers v. Cooper, 115 N. Y. 279, 5 L.R.A. 638, 12 Am. St. Rep. 801, 22 N. E. 213.

If there is any remedy against the company for the mistake or carelessness of the agent, it is not available in an action to enforce a contract relating to one subject, as if it were a contract relating to another subject. Landers v. Cooper, supra; Collins v. St. Paul F. & M. Ins. Co. 44 Minn. 440, 46 N. W. 906.

It is clearly established under the law that no action at law can be founded upon such a policy of insurance. Sun Ins. Co. v. Greenville Bldg. & L. Asso. 58 N. J. L. 367, 33 Atl. 962; Connecticut F. Ins. Co. v. Kinne, 77 Mich. 231, 18 Am. St. Rep. 398, 43 N. W. 872;

Taylor v. Glens Falls Ins. Co. 44 Fla. 273, 32 So. 887; Wood, Ins. § 95; Holmes v. Charlestown Mut. F. Ins. Co. 10 Met. 211, 43 Am. Dec. 528; Ewer v. Washington Ins. Co. 16 Pick. 502, 28 Am. Dec. 258.

It was the plaintiff's duty to have taken steps at once upon receiving the policy to have the same corrected or rescinded. He was and is chargeable with full knowledge of its contents. Johnson v. Dakota F. & M. Ins. Co. 1 N. D. 182, 45 N. W. 799.

The court in its discretion has the extraordinary power, even after judgment, to allow a pleading to be amended by inserting new allegations material to the case; *but this power should be sparingly exercised.* 1 Sutherland, Code Pl. § 796.

One will not be allowed to amend his pleading to conform to proof, where objection was made to the evidence to cover which the amendment is desired. Wheaton v. Voorhies, 53 How. Pr. 319; Mendenhall v. Harrisburg Water Power Co. 27 Or. 38, 39 Pac. 399; Eikenberry v. Edwards, 67 Iowa, 14, 24 N. W. 570; Maxwell v. Day, 45 Ind. 509; Carpenter v. Huffsteller, 87 N. C. 273; Allen v. Brooks, 88 Wis. 265, 60 N. W. 253; Sanford v. American Dist. Teleg. Co. 13 Misc. 88, 34 N. Y. Supp. 144.

Where the proposed amendment materially changes the cause as originally pleaded and on which issue was joined, it cannot be allowed. Mares v. Wormington, 8 N. D. 329, 79 N. W. 441; Woodward v. Northern P. R. Co. 16 N. D. 39, 111 N. W. 627; Taugher v. Northern P. R. Co. 21 N. D. 111, 129 N. W. 750; Cooke v. Northern P. R. Co. 22 N. D. 266, 133 N. W. 306.

A new and distinct cause of action cannot be thrust into a complaint by amendment. Cooke v. Northern P. R. Co. supra.

Where both equitable and legal relief is sought, the equity action must be first and separately tried. 34 Cyc. 992; Cotton v. Butterfield, 14 N. D. 465, 105 N. W. 237; Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037; Estrada v. Murphy, 19 Cal. 272; Lombard v. Cowham, 34 Wis. 486; DuPont v. Davis, 35 Wis. 631; Laffy v. Gordon, 15 N. D. 282, 107 N. W. 970.

*H. C. DePuy,* for respondent.

A person who takes and writes out an application for insurance and same is signed by the insured, and such application is accepted by the company and the policy issued pursuant thereto, is the *agent of the*

*company, and not* of the insured.   19 Cyc. 826–829; 28 Century
Dig. Col. 3015; Kausal v. Minnesota Farmers' Mut. F. Ins. Asso.
31 Minn. 17, 47 Am. Rep. 776, 16 N. W. 430; Norman v. Kelso
Farmers' Mut. F. Ins. Co. 114 Minn. 49, 130 N. W. 13; Smith v.
Continental Ins. Co. 6 Dak. 433, 43 N. W. 811; Leisen v. St. Paul
F. & M. Ins. Co. 20 N. D. 316, 30 L.R.A.(N.S.) 539, 127 N. W. 840;
Whitney v. National Masonic Acci. Asso. 57 Minn. 472, 59 N. W.
943; Pudritzky v. Supreme Lodge, K. H. 76 Mich. 428, 43 N. W.
373; Johnson v. Dakota F. & M. Ins. Co. 1 N. D. 167, 45 N. W. 799;
Erickson v. Ladies of Maccabees, 25 S. D. 183, 126 N. W. 262; Parno
v. Iowa Merchants' Mut. Ins. Co. 114 Iowa, 132, 86 N. W. 211;
Key v. Des Moines Ins. Co. 77 Iowa, 174, 41 N. W. 614; Stone
v. Hawkeye Ins. Co. 68 Iowa, 737, 56 Am. Rep. 870, 28 N. W. 47;
Siltz v. Hawkeye Ins. Co. 71 Iowa, 710, 29 N. W. 605; Kansas Farm-
ers' F. Ins. Co. v. Saindon, 52 Kan. 486, 39 Am. St. Rep. 356, 35
Pac. 15.

The rule is the same with regard to mutual as well as stock com-
panies.   Kausal v. Minnesota Farmers' Mut. F. Ins. Asso. 31 Minn.
17, 47 Am. Rep. 776, 16 N. W. 430; Leisen v. St. Paul F. & M. Ins.
Co. 6 Dak. 433, 43 N. W. 811; Norman v. Kelso Farmers' Mut. F.
Ins. Co. 114 Minn. 49, 130 N. W. 13; Whitney v. National Masonic
Acci. Asso. 57 Minn. 472, 59 N. W. 943.

The mistake made in the contract of insurance did not go to the
question of *consideration for the note.*   It did not affect the maker's
liability on the note.   Phenix Ins. Co. v. Gebhart, 32 Neb. 144, 49 N.
W. 333; Johnson v. Dakota F. & M. Ins. Co. 1 N. D. 167, 45 N. W.
799.

· Whether insured was guilty of laches for not discovering a mistake
in the policy, and in not seeking to have it corrected before loss and
suit brought thereon, is a question for the jury.   Delaware Ins. Co. v.
Hill, — Tex. Civ. App. —, 127 S. W. 283; Norman v. Kelso Farmers'
Mut. F. Ins. Co. 114 Minn. 49, 130 N. W. 13.

For a court to entertain an action to reform a contract, the errors
and mistakes of which complaint might be made, must be mutual.
Such element is lacking in this case.   State Ins. Co. v. Schreck, 27
Neb. 527, 6 L.R.A. 524, 20 Am. St. Rep. 696, 43 N. W. 341; Kansas
Farmers' F. Ins. Co. v. Saindon, 52 Kan. 486, 39 Am. St. Rep.

356, 35 Pac. 15; Hearsh v. German Ins. Co. 130 Mo. App. 457, 110 S. W. 23; Maher v. Hibernia Ins. Co. 67 N. Y. 283; Phenix Ins. Co. v. Geehart, 32 Neb. 144, 49 N. W. 333; Smith v. Commonwealth Ins. Co. 49 Wis. 322, 5 N. W. 807; Germania L. Ins. Co. v. Lunkenheimer, 127 Ind. 536, 26 N. E. 1082; Eggleston v. Council Bluffs Ins. Co. 65 Iowa, 308, 21 N. W. 652; Deitz v. Providence Washington Ins. Co. 31 W. Va. 851, 13 Am. St. Rep. 909, 8 S. E. 616; Lumberman's Mut. Ins. Co. v. Bell, 166 Ill. 400, 57 Am. St. Rep. 140, 45 N. E. 130; Hobkirk v. Phœnix Ins. Co. 102 Wis. 13, 78 N. W. 160; Carey v. Home Ins. Co. 97 Iowa, 619, 66 N. W. 921; Walrath v. Royal Ins. Co. 16 Ohio C. C. 413, 9 Ohio C. D. 233; Ætna Ins. Co. v. Brannon, 99 Tex. 391, 2 L.R.A.(N.S.) 548, 89 S. W. 1057, 13 Ann. Cas. 1020; 19 Cyc. 654, note 4; 28 Century Dig. Col. 818; 11 Decen. Dig. 189.

The contract may be enforced in an action at law, where the facts as to the mistake are fully pleaded. The plaintiff is not first driven to a court of equity. May, Ins. 872, 566; American Cent. Ins. Co. v. McLanathan, 11 Kan. 533; 1 Greenl. Ev. 300, 302; Loomis v. Jackson, 19 Johns. 449; 2 Hilliard, Real Prop. 358, 368; Boardman v. Reed, 6 Pet. 340, 8 L. ed. 420; Manhattan Ins. Co. v. Webster, 59 Pa. 227, 98 Am. Dec. 332; Mumper v. Kelley, 43 Kan. 256, 23 Pac. 558; State Ins. Co. v. Sihreck, 27 Neb. 527, 6 L.R.A. 524, 20 Am. St. Rep. 696, 43 N. W. 344; Phenix Ins. Co. v. Gebhart, 32 Neb. 144, 49 N. W. 333.

Where, as in this state, the court exercises the functions of law and equity, it may, where there is an answer, grant any relief consistent with the facts alleged, and the prayer for relief may be amended accordingly at any time. 31 Cyc. 110 and cases cited on page 111; Rev. Codes, 1905, 7073; Maher v. Hibernia Ins. Co. 67 N. Y. 283; Getty v. Hudson River R. Co. 6 How. Pr. 269; Walsh v. McKeen, 75 Cal. 519, 17 Pac. 673; Esch Bros. v. Home Ins. Co. 78 Iowa, 334, 16 Am. St. Rep. 443, 43 N. W. 229; Holmes v. Campbell, 12 Minn. 221, Gil. 141; 31 Cyc. 438, 439, 731; 39 Century Dig. Col. 2776, 2780; Fraley v. Bentley, 1 Dak. 25, 46 N. W. 506.

Where both equitable and legal relief is sought in the same action, the parties may waive a jury, and by express or implied consent try the issues as if they were all of the same nature, and they will not

be heard on appeal to urge objection to such procedure.    Laffy v. Gordon, 15 N. D. 282, 107 N. W. 969.

CHRISTIANSON, J.   There is no dispute about the facts in this case.
The testimony consists solely of certain documentary evidence and the oral testimony of the plaintiff and of one Colette, an agent for the defendant.    The plaintiff is a farmer residing on section 17, in township 157, range 51, in Walsh county, in this state.    This township is named Acton township.    It is conceded that Colette was the duly authorized and licensed agent of the defendant company, authorized not only to write insurance for the defendant, but also authorized to appoint subagents.    On June 27, 1912, said Colette obtained from the plaintiff an application for hail insurance with the defendant upon crops on the lands owned and occupied by plaintiff in section 17, and in the adjoining section 8 in said township.    The application was prepared by Colette, who asked questions of the plaintiff, and wrote down the answers in the application, and secured the signature of the plaintiff, French, thereto.    The plaintiff did not read the application before signing the same.    The first part of the application is as follows:   "I, Amada French, of Oakwood, P. O., *township of Acton,* county of Walsh, and state of North Dakota, hereby apply," etc.    While the application was being prepared, Colette inquired of the plaintiff as to the legal description of the township, and the plaintiff in reply stated that he did not know, whereupon Colette stated that he would look up the description for himself and insert it.    Colette, in inserting such description, made an error, in this, that he wrote the number of the township "158" and the number of the range "52," when he should have written the number of the township "157" and the number of the range "51."    The testimony of Colette in regard to the transaction is substantially as follows:   "The application was taken right at Mr. French's home in section 17 in Acton township.    It was township 157.    I knew he lived in Acton township; I also knew the land he was working.    The application was made on June 27, 1912. I saw Mr. French that day in the yard.    He decided to take out some insurance right away, and I wrote the application in the yard.    When I first took the application I started to write it (the description of the township) in, then I said, 'I suppose that this is township 157, Acton

township,' and he said he was not positive of that, and I said I would look it up myself and be sure, but I put it down 158 and it should have been 157. I did not look it up afterwards to see if it was 158. I was supposed to go to my brother-in-laws' and get it in a plat book, but I was sure it was 158. I did not read the application over to him; I simply asked him questions, and I put down the answers. I told him where to sign it, and he signed it. I intended to describe in the application the land that I knew he was working, that is, the crops upon sections 17 and 8 in Acton township. The mistake in regard to the number of the range was made under the same circumstances as the mistake with reference to the township. I undertook to fill in the description. I have since looked it up and discovered it was a mistake. I intended to take an application upon land situated in sections 17 and 8, in township 157, range 51. I understook to fill in the description of the township in the application, and have since looked it up and discovered it was a mistake." It is conceded that the plaintiff owned no lands or crops in township 158, range 52, but the only lands and crops which he owned were those located in Acton township, and there is no dispute but that these are the lands that were intended to be covered by the insurance. The testimony of the plaintiff, French, is substantially the same as the testimony of Colette. The plaintiff afterwards on July 7, 1912, received his policy and on July 8, 1912, suffered a loss by hail. Proof of loss was duly forwarded to the defendant company, and a duly authorized adjuster for the defendant company, on July 31, 1912, adjusted the loss, and agreed with the plaintiff in writing that the loss sustained amounted to $771.25. The mistake in the policy was not discovered until sometime subsequent, when the defendant company refused to pay the loss as adjusted, but offered, however, to compromise by the payment of $400, which the plaintiff refused and afterwards brought suit against the defendant for the amount of the loss as adjusted.

The original complaint sets forth by proper allegations all the matters above recited relative to the mistake in the description as contained in the application and policy, how the same occurred, the issue of the policy, the loss thereunder, the adjustment of such loss, and the defendant's refusal to pay the same, and prays judgment for $771.25, the amount of the loss as adjusted. The original answer is

not before us, hence we are unable to ascertain what defense was offered thereby. The case was tried to the court without a jury, a jury being expressly waived.

At the very commencement of the trial, the following proceedings were had:

By Mr. Turner: The defendant asks leave to file an amended answer. I have the same prepared, but it is not verified. I will ask to verify it later.

By Mr. DePuy: The plaintiff has no objection, but we would like to have the amendment allowed upon condition that the plaintiff shall have the right to interpose a reply if the plaintiff deems it desirable setting up a waiver or estoppel in accordance with the proof, and also amend his complaint to conform with the proof that may be introduced at any time before judgment.

By the Court: All right.

The plaintiff's amended complaint sets forth almost identically the same facts as those contained in the original answer, with the single exception that another allegation is added, stating the value of plaintiff's interest in the crops; and the prayer for judgment was amended by asking that the policy be reformed by substituting the proper description of township and range in lieu of the incorrect description. The amended answer admitted that Colette was a duly authorized agent of the defendant company, that the policy was issued and delivered, but denied any mutual mistake in the issuance of the policy, and further denied that the defendant issued any policy of insurance for injuries to the crops destroyed. The trial court made findings of fact, and ordered judgment in favor of the plaintiff, that the policy be reformed by correcting the mistakes made therein with reference to the number of the township and range, and further awarded plaintiff judgment against the defendant for the sum of $771.25 and interest and costs. The appeal is taken from the judgment so entered.

The appellant relies for a reversal on three propositions,—(1) that the court erred in allowing the amendment of the complaint; (2) that the insurance policy must be reformed by an action in equity before a judgment at law can be obtained; (3) that where both equitable and legal relief is sought, the equity action must be first and separately tried.

Appellant's first contention, that the trial court erred in allowing an amendment of the complaint, is clearly without merit. It will be observed that at the commencement of the trial, defendant's counsel obtained leave to amend the answer; that such leave was granted upon the condition that the plaintiff be permitted to amend the complaint. No objection was made by defendant's counsel to such arrangement, and the record indicates that the trial court believed that this arrangement was entirely satisfactory to defendant's counsel. The amendment could in no manner prejudice the defendant, and we are satisfied that the trial court did not abuse its discretion in permitting the complaint to be so amended. The amended complaint sets forth substantially the same facts as the original complaint, and the only change of which defendant's counsel complains is the amendment of the prayer for judgment. It is not contended that any substantial change was made in the body of the complaint, and no showing or claim of surprise was made by the defendant. It is, therefore, self-evident that plaintiff was not prejudiced by the amendment, as the plaintiff was entitled to recover upon the facts alleged and proved farther than the relief demanded in the prayer for judgment. "Disregarding the prayer or demand of judgment, the court will rely upon the facts alleged and proved as the basis of its remedial action." Pom. Code Remedies, *83. "If the facts entitling a party to a remedy, legal or equitable, are averred and proved, he shall obtain that remedy, notwithstanding his omission to ask for it in his demand of judgment; and, if the facts were not averred, he shall not obtain the remedy, although he demanded it in the most formal manner." Pom. Code Remedies, *84.

"The prayer for relief forms no part of the statement of the cause of action; and it is unimportant unless there is ambiguity in such statement. A bad prayer for relief or a prayer for improper relief will not vitiate a pleading which is otherwise sufficient. *The facts alleged, and not the relief demanded, are of chief importance, and they determine the relief to be granted.*" 31 Cyc. 110, and cases cited. Under the provisions of § 7482, Comp. Laws 1913, the court has the right in a proper case to grant an amendment of the pleadings even after judgment. The propriety of the granting of such amendments rests within the sound discretion of the trial court, and will not be re-

viewed by this court, except in a case where such discretion has been abused.

California has certain statutory provisions, identical in language with §§ 7478 and 7482, Comp. Laws 1913, and in the case of Jackson v. Jackson, 94 Cal. 446, 29 Pac. 957, the supreme court of California held that "to allow amendments after the trial has commenced is in the discretion of the trial court, and error cannot be predicated on the allowance of such an amendment, *whereby issues were raised which were not raised by the original pleadings, unless the adverse party asked to have the case reopened for the purpose of trying the new issue.*" And in the case of Hancock v. Board of Education, 140 Cal. 554, 74 Pac. 47, in considering the same question, the California court said: "It is also contended that the court erred in allowing the plaintiff, after the evidence had been taken and the cause submitted, to file an amended complaint. This contention is based upon the theory that the amended complaint changed the cause of action. What has been said disposes of this proposition. The action still remains upon the contract made by the former board, and, as there has been no change in the actual existence of the corporation which made the contract and was responsible for it, there has been no such change in the cause of action as would constitute a departure. The additional facts and circumstances alleged in the amended complaint do not involve any change in the nature of the cause of action. It still remained an action upon the contract, and it was within the discretion of the court to allow the amendment." The decisions of the California court are also in harmony with the views expressed by Chief Justice Morgan in the case of Barker v. More Bros. 18 N. D. 82, 85, 118 N. W. 823, and are sustained by the great weight of authority. Firebaugh v. Burbank, 121 Cal. 186, 53 Pac. 560; Hancock v. Board of Education, 140 Cal. 554, 74 Pac. 47; Hedstrom v. Union Trust Co. 7 Cal. App. 278, 94 Pac. 387; Thomas v. Brooklyn, 58 Iowa, 438, 10 N. W. 849; Tiffany v. Henderson, 57 Iowa, 490, 10 N. W. 885; Adams v. Castle, 64 Minn. 505, 67 N. W. 638; Kaufman v. Barbour, 103 Minn. 173, 114 N. W. 739; O'Brien v. Northwestern Consol. Mill. Co. 119 Minn. 4, 137 N. W. 399; Hibernia Sav. & L. Soc. v. Jones, 89 Cal. 507, 26 Pac. 1089; Coubrough v. Adams, 70 Cal. 374, 11 Pac. 634; Wabash & W. R. Co. v. Morgan, 132 Ind. 430, 31 N. E. 661, 32 N. E. 85;

Metropolitan L. Ins. Co. v. Smith, 22 Ky. L. Rep. 868, 53 L.R.A. 817, 59 S. W. 24; Garver v. Garver, 145 Mo. App. 353, 130 S. W. 369; Rothschild v. Harris, 125 N. Y. Supp. 41; Howland v. Caille, 153 Mich. 349, 116 N. W. 1079; Higgins v. People, 2 Colo. App. 567, 31 Pac. 951; Hansen v. Allen, 117 Wis. 61, 93 N. W. 805; Frey v. Owens, 27 Neb. 862, 44 N. W. 42; Briggs v. Rutherford, 94 Minn. 23, 101 N. W. 954.

Appellant's next contention is stated in its brief as follows: "It is the contention of the appellant and defendant that there were here two separate controversies, one equitable and the other legal; that before any judgment could be entered or any amount found to be due, an action for a reformation of the contract must be brought and it be determined as a matter in equity that such reformation be had so that a decree in such equity action would set out the real contract of the parties, and then upon that contract the plaintiff might sue for the amount claimed to be due."

We are unable to agree with appellant in his contentions, for three reasons: First, the questions now sought to be raised were not raised in the court below; second, the policy could be reformed and recovery enforced thereon in the same action; third, a reformation of the policy was not essential to entitle the plaintiff to recover.

The objections now raised by appellant were in no manner urged in the court below. No demurrer was interposed to the complaint, and no demand for a separate trial of legal and equitable issues was made, and no objection in any manner interposed to the submission of all the issues to the court. In fact, the defendant expressly stipulated that a trial by jury be waived and all the issues tried to the court. It is therefore obvious that the plaintiff cannot assert at this time that he was prejudiced by a mode of procedure to which it acquiesced in the district court; nor can it be permitted to object for the first time on appeal that a cause is of equitable, and not of legal, cognizance, or *vice versa;* that there is a misjoinder of causes of action, or that certain issues should have been submitted to a jury. 2 Cyc. 683, 690, 701.

We are also satisfied that appellant is clearly in error when it contends that two actions are necessary where it is essential to reform an insurance contract,—first, one in equity to reform the policy, and then an action at law for the amount due thereon as reformed; but we are

entirely satisfied that the policy may be reformed and a recovery en-forced thereon in the same action. "There was nothing in the objection that the court should have stopped with reforming the policy, and turned the plaintiffs over to a new action to recover their damages. The rule of courts of equity was, when they had acquired jurisdiction, and had the whole merits before them, to proceed and do complete justice between the parties." Bidwell v. Astor Mut. Ins. Co. 16 N. Y. 267. In this state the forms of civil actions have been abolished, and it is provided that the provisions of, and all proceedings under, the Code in this state, "are to be liberally construed with a view to effect its objects and to promote justice." Comp. Laws, § 7321. "When the plaintiff is clothed with primary rights, both legal and equitable, growing out of the same cause of action or the same transaction, and is entitled to an equitable remedy, and also to a further legal remedy, based upon the supposition that the equitable relief is granted, and he sets forth in his complaint or petition the facts which support each class of rights, and which show that he is entitled to each kind of rem-edy, and demands a judgment awarding both species of relief, the action will be sustained to its full extent in the form thus adopted." Pom. Code Remedies, *78. "In one civil action the plaintiff may not only unite and obtain both the remedy of reformation and the equitable remedy of specific performance, *but also the remedy of reformation and the legal remedy of a pecuniary judgment for debt or damages for the breach of the contract as corrected,* or the legal remedy of a re-covery of specific property." Pom. Eq. Jur. 3d ed. § 862.

Was it necessary for plaintiff to seek relief in equity, and bring an equitable action for a reformation of the policy, or could he, by alleg-ing all the facts in his complaint, maintain an action at law thereon in the first instance? It is conceded that Colette, and not the plain-tiff, committed the blunder. Colette, in preparing the application, was the agent of the insurance company, and not of the applicant. In so doing, he was acting within the scope of his authority. Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 316, 30 L.R.A.(N.S.) 539, 127 N. W. 837; Kausal v. Minnesota Farmers' Mut. F. Ins. Asso. 31 Minn. 17, 47 Am. Rep. 776, 16 N. W. 430; Whitney v. National Masonic Acci. Asso. 57 Minn. 472, 59 N. W. 943; Norman v. Kelso Farmers' Mut. F. Ins. Co. 114 Minn. 49, 130 N. W. 13. Colette's error, therefore,

was the error of the defendant, and it will not be permitted to say that the plaintiff was to blame or negligent in trusting the accuracy of its agent in preparing the application. The only reason for the questions propounded to the plaintiff was to ascertain the truth with reference to the crops to be insured. It is conceded that the plaintiff gave truthful answers to all questions asked. The erroneous answer with reference to the description of the premises was not the answer of the plaintiff, but of Colette. Plaintiff applied for insurance upon his crops in Acton township in Walsh county. French and Colette both say that the intention was to insure these crops,—the crops growing on the very land where the application was prepared and signed. The plaintiff was in no manner to blame for the mistake in the application and policy. This was solely the fault of the defendant as, of course, the defendant is bound by the acts of its agent in this case. The contract was to insure the very crops of the plaintiff in Acton township which were destroyed by hail. "The agreement in a policy is to insure certain property of a party,—such as the house in which he and his family reside, a barn on his farm, or a warehouse for the storage of produce, or, as in this case, certain personal property. A misdescription of the land on which any of these is situated will not defeat a recovery in case of loss by fire, because the court looks at the real contract of the parties, which was to insure certain property of the policy holder. The fact that such property was on a particular section—as § 16, instead of 17— cannot, of itself, affect the risk, and would not render the policy void." Phenix Ins. Co. v. Gebhart, 32 Neb. 144, 49 N. W. 333, 334. In May Ins. p. 1330, § 566, it is said: "In most of the states, however, courts of law will apply the doctrines of waiver and estoppel, *or allow proof of mistake,* so as to enable the plaintiff to maintain his action for indemnity, and not drive him to a court of equity." This question was before the supreme court of Kansas in American Cent. Ins. Co. v. McLanathan, 11 Kan. 533; and in that case the court says: "In such a case the contract is not void for uncertainty, nor is there any need of applying for a reformation of the contract, provided it appear, either from the face of the instrument or extrinsic facts, which is the true and which the false description." These principles are sustained by the following authorities: Phenix Ins. Co. v. Gebhart, supra; American Cent. Ins. Co. v. McLanathan, supra; Eggleston v. Council

Bluffs Ins. Co. 65 Iowa, 308, 21 N. W. 652; Germania L. Ins. Co. v. Lunkenheimer, 127 Ind. 536, 26 N. E. 1082; Deitz v. Providence Washington Ins. Co. 31 W. Va. 851, 13 Am. St. Rep. 909, 8 S. E. 616; Kansas Farmers' F. Ins. Co. v. Saindon, 52 Kan. 486, 39 Am. St. Rep. 356, 35 Pac. 15; Smith v. Commonwealth Ins. Co. 49 Wis. 322, 5 N. W. 804; State Ins. Co. v. Schreck, 27 Neb. 527, 6 L.R.A. 524, 20 Am. St. Rep. 696, 43 N. W. 340, 344; Lumbermen's Mut. Ins. Co. v. Bell, 166 Ill. 400, 57 Am. St. Rep. 140, 45 N. E. 130; Hobkirk v. Phœnix Ins. Co. 102 Wis. 13, 78 N. W. 160; Carey v. Home Ins. Co. 97 Iowa, 619, 66 N. W. 920; Ætna Ins. Co. v. Brannon, 99 Tex. 391, 2 L.R.A.(N.S.) 548, 89 S. W. 1057, 13 Ann. Cas. 1020; Maher v. Hibernia Ins. Co. 67 N. Y. 283; Phenix Ins. Co. v. Allen, 109 Ind. 273, 10 N. E. 85. See also Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 317, 30 L.R.A.(N.S.) 539, 127 N. W. 837; and Gorder v. Hilliboe, 17 N. D. 281, 283, 115 N. W. 843, and Beach, Ins. § 1319. A number of the authorities cited above are based upon the theory that the insurance company is estopped to deny the error of its agent, and that for that reason the plaintiff may sue upon the contract as issued, and, without any allegations in the complaint relative to the mistake, introduce testimony showing the knowledge of, and mistake made by, the agent of the insurance company in misdescribing the property. As we view the matter, however, the principle of estoppel should not be applied in a case where there is a misdescription of the property intended to be covered by the policy, but it is rather a case coming within the rule that parol evidence may be admitted for the purpose of showing that, by reason of a mistake, a written instrument does not truly express the intention of the parties. While there are cases holding that such evidence is only admissible in a court of equity, "yet this rule is by no means universal, and, in fact, the weight of authority supports the doctrine that evidence of this character is also admissible in an action at law." 9 Enc. Ev. 344. This rule is supported by the weight of modern authority. 17 Cyc. 702; Wigmore, Ev. §§ 2413–2415. See also Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93; Gorder v. Hilliboe, supra. But, "in order that parol evidence may be admissible to show a mistake in a written instrument, the existence of such mistake must have been alleged in the pleadings." 17 Cyc. 703.

It is established by the undisputed evidence in this case that the crops intended to be covered by the policy were destroyed; that the loss was adjusted by the adjuster of the defendant at the amount for which the trial court rendered judgment, and it is conceded that the plaintiff suffered a loss for at least the amount of the adjustment. It is inconceivable how plaintiff was in any manner injured by the mistake in the application and policy. It is not contended that there was any extra hazard in township 157, range 51, which did not exist in township 158, range 52. We are entirely satisfied that the judgment of the trial Court, under the undisputed facts in this case, is entirely just and proper and should be affirmed. It is so ordered.